## T. D. SISK V. THE STATE.

Appellant having been convicted of a charge of "rudely displaying pis-
tols," founded on the act of October 26, 1866 (Acts, p. 60), which was
intended as a substitute for Article 2012, Paschal's Digest, it is in-
sisted in this court that the act is void for uncertainty and for want
of completeness.. *Held*, that the meaning of the enactment is plain,
and the objection cannot be sustained.

APPEAL from Parker. Tried below before the Hon.
Charles Soward.

The appellant having been found guilty, and his fine
assessed at one dollar, his counsel moved in arrest of
judgment, on the ground that the act of 1866, creating
the offense, "is so indefinitely framed, and of such
doubtful construction, that the same is and should be
inoperative."

*A. J. Hood*, for the appellant.

*William Alexander, Attorney General*, for the State.
This case presents a single question: Is a statute void
because ungrammatical? The statute of 1866 (p. 60,

Gen. Laws), under which this indictment was found, contains three superfluous words, "so as to," before the word "disturb." If they are discarded, the sense is not rendered more complete, for the law as it is is perfectly intelligible, but the grammatical construction becomes faultless; and the question is submitted to the court, shall the statute be declared void, or the three superfluous words disregarded; or, in another form, which is more valuable, the public peace or grammar?

WALKER, J.—A somewhat novel question is presented in this record. The appellant, with one other, was indicted at the February term, 1871, charged with "rudely displaying pistols," and was tried, found guilty, and fined.

The indictment was founded on the act of October 20, 1866, which was intended to repeal and supercede Article 2012, Paschal's Digest. It is insisted that the law is void for uncertainty and for want of completeness.

Upon an examination of the law we do not so consider it. The law is unmistakably plain in its meaning, and in nowise subject to the hypercriticism passed upon it by the appellant's counsel.

The judgment of the district court is affirmed.

AFFIRMED.