## THOMASON v. STATE.  (No. 8485.)

(Court of Criminal Appeals of Texas. Oct. 29, 1924.)

Disturbance of public assemblage ⊕⊃11—Evidence held not to show accused guilty of willfully using "loud" and "vociferous" language at religious service.

Evidence *held* not to support conviction for disturbing religious service by willfully using loud and vociferous language, within Pen. Code, art. 296; "loud" meaning marked by intensity, or relative intensity, not low, soft, or subdued; "vociferous" meaning making loud outcry, clamorous, noisy, and being synonymous with brawling or turbulent.

[Ed. Note.—For other definitions, see Words and Phrases, Vociferous.]

Appeal from Dickens County Court; H. A. C. Brummett, Judge.

Oliver Thomason was convicted of disturbing a congregation and he appeals. Reversed and remanded.

W. E. Lessing, of Spur, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. It is charged in the indictment that the appellant "did then and there unlawfully and willfully, by loud and vociferous talking, disturb a congregation," etc.

The witness, Duke, was conducting a religious service in a church. Observing a confusion in the congregation, he called for order. According to this witness, every one ceased talking except the appellant, who was talking to the Pierce girls. The witness said:

"I could see him talking, and he was talking loud enough that I could hear the noise of his voice, but could not understand what he was saying."

The witness remarked that he hoped he would be permitted to do all the talking. After repeating this admonition, in substance, one or two times, appellant desisted from talking. The witness said that appellant attracted the attention of other members of the congregation.

Several other witnesses gave similar testimony from which it appears that appellant was talking to the girls sitting next to him. Some of them said that when the minister told them to be quiet, the appellant did so. Several others testified that they heard no loud or vociferous language used by the appellant; that there was a general conversation among the entire congregation at the beginning of the service; that on the first call to order the congregation generally ceased to talk or murmur; that appellant continued to talk in an undertone, but stopped later. Witnesses for the appellant said that there was a general talking over the house until the minister gave the second admonition, after which all talking ceased; that whispering was not unusual in such a gathering.

The statute under which the prosecution is had contains this language:

"Any person who, by loud or vociferous talking or swearing, or by any other noise or in any other manner, willfully disturbs any congregation," etc.   Article 296, P. C.

It is noted that in the present case the pleader has selected as a basis for the charge the averment that the congregation was disturbed by the use of "loud and vociferous language." Appellant insists that the proof does not meet this averment, and we are inclined to believe this contention sound. "Loud," when speaking of sound, is defined in the dictionary as "marked by intensity, or relative intensity; not low, soft, or subdued." "Vociferous" is defined as "making a loud outcry; clamorous; noisy," and is synonymous with brawling or turbulent.

In the case of Anderson v. State (Tex. Cr. App.) 20 S. W. 358, the averment was that the offense was committed by the use of "loud and vociferous" language. The proof showed that the appellant, at a meeting within the meaning of the statute, charged another with some misconduct and a wordy altercation took place in which, according to the evidence, the appellant spoke in a common conversational tone and did not talk in a loud voice. It was held that the charge was not proved.

In the present case, it is our understanding from the testimony that the appellant was speaking in a whisper or undertone to some of the girls by whom he was sitting, and that his words could not be heard except by those who sat immediately around him, and that he ceased talking after the admonition by the minister. It is believed that the evidence does not meet the allegation that he "willfully" used "loud and vociferous" language.

For the reason stated above, the judgment is reversed and the cause remanded.