## TOM WEST V. THE STATE.

No. 18382.   Delivered June 24, 1936.
Rehearing Granted October 21, 1936.

The opinion states the case.

*John S. Simmang*, of Giddings, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of disturbing the peace, and his punishment was assessed at a fine of twenty-five dollars.

It was alleged in the complaint and information that on or about the 28th day of June, 1935, Tom West did then and there unlawfully use loud and vociferous language at the residence of Charlie Craig, deceased, in a manner calculated to disturb the inhabitants thereof. Appellant moved to quash the complaint and information on two grounds: first, that the same was vague, uncertain, and indefinite; second, that it failed to allege that defendant went into or near a private residence and disturbed the inhabitants thereof. We cannot agree with him. The place where appellant is charged with having created a disturbance was referred to as the residence of Charlie Craig, deceased, which was a definite designation of the place where the disturbance occurred. Although Charlie Craig may have been dead or may have been gone from his home, yet if there were people occupying the home, appellant would not have a right to go there and disturb them by the use of loud and vociferous language.

Appellant's next contention is that the testimony is insufficient to sustain his conviction. The record shows that Marsell Craig a day or two prior to the time of the commission of the alleged offense had obtained a marriage license from the county clerk of Travis County to marry appellant's fifteen-year-old daughter. Appellant heard of it, went to the home of Charlie Craig, deceased, where Marsell Craig was and demanded the marriage license, but Marsell declined to deliver it to him. This precipitated a spirited argument and loud talking. We quote from the testimony of Don Lucky: "While I was there I heard some loud talking outside. There was some excited talk." Jim Catchings testified: "I was at the home of Charlie Craig, deceased. The defendant came up there and wanted the marriage license. It finally got rough and I walked outside." The defendant and his witnesses denied that he used any loud language at the home of Charlie Craig, deceased.

Whether or not appellant's conduct and the language used by him was such as was calculated to disturb the inhabitants at the time and place charged was a question for the jury to determine; and that question seems to have been fairly and

plainly submitted to them by the court's charge. The word "loud" when speaking of sound, is defined in the dictionary as "marked by intensity, or relative intensity; not low, soft, or subdued." The word "vociferous" means about the same. See Thomason v. State, 265 S. W., 579.

Having reached the conclusion that the verdict of the jury is supported by competent evidence, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant in his motion for rehearing very earnestly contends that we erred in our original opinion in holding that the evidence was sufficient to justify and sustain his conviction. We construed the testimony of Lucky and Catchings, quoted in our original opinion, as having reference to appellant, but a more careful consideration thereof makes it very doubtful if it can be given such an application, because they did not name the appellant as the person who used loud and vociferous or profane language and there is no other testimony showing appellant guilty of the conduct with which he was charged. There is testimony in the record, however, which shows that the Craigs denounced the appellant as "an old gray headed s— o— b—." Lucky and Catchings may have had reference to the conduct of the Craigs. This leaves the testimony as to the appellant's guilt in such doubt and state of uncertainty that we are unwilling to permit the judgment of conviction to stand.

It is therefore ordered that the motion for rehearing be granted, the judgment of affirmance be set aside, and the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.