EX PARTE WALTER E. SLAWSON.

No. 21162. Delivered May 22, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

*Clarence L. Waters*, of San Antonio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator comes before us upon refusal to grant a discharge upon a writ of habeas corpus before District Judge McCrory, the basis of his request being that he was tried in one of the justice courts in San Antonio for a disturbance of the peace, and there fined $1.00 and costs; that he appealed such case to the county court at Law No. 2 of Bexar County, and was there again tried and fined $5.00 and costs. That a capias pro fine was thereafterwards issued by the clerk of said court No. 2 for the total sum of $32.75; that upon such capias he was held by the sheriff of Bexar County.

We are not favored with any briefs in this matter, but we gather from the application for a writ of habeas corpus that relator attacked the validity of Art. 474, Penal Code, and says that the same was void because same was vague, indefinite and

uncertain, and does not set forth in intelligible language that which is necessary to constitute the conduct that is calculated to disturb the inhabitants of a public place, etc.

It is evident that relator is attempting to make the writ of habeas corpus serve as an appeal to this court by means of attacking Art. 474, Penal Code, and claiming that the same is void for uncertainty, etc.

It is observed that relator has had his right of appeal from the justice court to the county court, and his case was finally disposed of in the county court, and under Art. 53, C. C. P. we have no jurisdiction of a further appeal in this matter. However if the statute itself is void and infringes upon his constitutional rights, then relator would have his right of habeas corpus to relieve himself from custody under the capias pro fine issued under the judgment of conviction in the county court at law.

As to the statute, Art. 474 P. C., same evidently had its conception in Art. 2012, Pascal's Digest. Such article was amended on October 20, 1866, so as to read as follows:

"If any one or more persons shall in any public place by loud and vociferous talking, swearing, or rudely displaying any pistol or any other deadly weapon, so as to disturb the inhabitants of the place, in the prosecution of their lawful business, any person engaged in such disturbance shall be fined in any sum not exceeding fifty dollars." Gammel's Laws, Vol. 5, p. 978.

In 1883 this statute was again amended and thus appears in its present form in Vernon's Criminal Statutes, Vol. 1, Art. 474 P. C.

In 35 Texas, 496, in the case of Sisk v. State, relative to the act of October 20, 1866, supra, that court held:

"A somewhat novel question is presented in this record. The appellant, with one other, was indicted at the February term, 1871, charged with 'rudely displaying pistols,' and was tried, found guilty, and fined. The indictment was founded on the act of October 20, 1866, which was intended to repeal and supercede art. 2012, Pas. Dig. It is insisted that the law is void for uncertainty and for want of completeness.

"Upon an examination of the law we do not so consider it. The law is unmistakably plain in its meaning, and in nowise subject to the hypercriticism passed upon it by the appellant's counsel. The judgment of the district court is affirmed."

It will be noted that the act of 1866 is in its major aspects similar to the present Article 474, and that case is an authority, if such be needed, for our holding herein, that this time-honored statute is sufficiently certain to inform relator of the offense with which he stood charged.

We do not think the statute subject to the criticism leveled against it.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, reasserts that Article 474 of Vernon's Annotated Penal Code is so indefinite and uncertain that it cannot be understood, either from the language in which it is expressed or from some other written law of the State and therefore should be held to be ineffective and inoperative. This statute has been in existence for over half of a century and many prosecutions and convictions thereunder have been sustained, and we see no good reason to strike it down, even if some feature thereof might be held to be uncertain. There are many acts denounced in said article as a violation of law and good order which are sufficiently certain and definite to make it a good and wholesome statute. We think this case was properly disposed of on the original submission and therefore overrule the motion.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.