### EX PARTE WILLIAM FORREST TRAFTON

No. 26,542. November 25, 1953.
Rehearing Denied January 13, 1954.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) February 10, 1954.
Appeal Dismissed by Supreme Court of the United States October 14, 1954.

*Harry S. Pollard,* Austin, for appellant.

*John Ben Shepperd,* Attorney General of Texas, *V. F. Taylor,* Assistant Attorney General, *W. T. Williams, Jr.,* City Attorney, *Robert L. Burns* and *Doren R. Eskew,* Assistants City Attorney, and *Wesley Dice,* State's Attorney, all of Austin, for the state.

WOODLEY, Judge.

This is an appeal from the order of District Judge Charles O. Betts refusing to discharge appellant Trafton and remanding him to the custody of the Chief of Police of Austin.

The charging part of the complaint under which appellant was convicted and fined in the corporation court alleged that he drove an automobile on an Austin street and ". . . did then and there unlawfully drive and operate said vehicle with a defective muffler attached thereto, and in constant operation, thereby causing excessive and unusual noise."

Appellant aptly states the issue for our determination as follows:

"The sole question presented here is the constitutionality and validity of Article 797 of the Penal Code and Section 134a of Article 6701d, V.A.C.S., the penal muffler laws of Texas, which Appellant contends are unconstitutional, void, and inoperative for indefiniteness, in that it is impossible for a person of normal, ordinary intelligence to ascertain from those laws, or any other written law of the state, the amount or character of exhaust noise or smoke which is permissible and which is prohibited."

The question has not been previously before this court but has been determined contrary to appellant's contention by our civil courts in the very recent case of The Department of Public Safety v. Buck, 256 S.W. 2d 642, (Civ. App., writ refused).

As suggested, this court is vested with the authority to determine the validity of the statutes under attack as criminal

statutes and is not bound by the holdings of our sister courts exercising civil jurisdiction. Such holdings are, however, persuasive and are entitled to our careful consideration.

Appellant points out that the Texas Court of Civil Appeals, in the Buck case, held that any ordinary and interested person would have no difficulty in determining whether or not an excessive and unusual noise accompanied the operation of a motor vehicle, but did not attempt to define the legal standard for determining the exact meaning of the general term "excessive and unusual noise." He urges with much force the absence of a standard by which it may be determined whether the noise of a particular motor is excessive or unusual, suggesting that since all motor vehicles make some noise it is not possible for a person of ordinary intelligence to ascertain with reasonable certainty from the statutes mentioned, or from other written law of the state, how much noise constitutes "excessive and unusual noise" as that term is used in the statutes.

A resort to other penal statutes regarding the subject of motor vehicles and mufflers may furnish such a standard.

Art. 797a P. C. makes it an offense to operate on a public highway a motor vehicle or motorcycle which is not equipped with a muffler, or which is equipped with a muffler cut-out.

Art. 797b P.C. defines a "muffler cut-out" and a "muffler," the latter definition being as follows:

"A muffler within the meaning of this Act is a device through which the escaping gases of the motor of a motor vehicle or motorcycle pass, designed to muffle or minimize the noise produced by the operation of such motor."

"Minimize" is defined by Webster as "to reduce to the smallest possible amount or degree."

The extent to which the exhaust noises of a motor may be reduced without serious impairment of the efficiency of the motor is a question for experts in that field. The law requiring the motor vehicle to be equipped with a muffler designed to reduce exhaust noises to the smallest possible amount must be construed in the light of the fact that some noise is inevitable if the motor is operated, but it may be reduced to a certain minimum by the use of a device designed for that purpose and known as a muffler, without seriously interfering with its efficiency.

The requirements of Art. 797a and 797b P.C. are that the motor vehicle be equipped with a device designed to reduce the noise produced by the operation of such motor to the smallest possible amount and through which device the escaping gases of the motor must pass.

The statutes under attack require that every motor vehicle must have such a device in good working order and in constant operation "to prevent excessive or unusual noise."

We conclude that the term "excessive and unusual noise" as used in Arts. 797 P.C. and Sec. 134a of Article 670ld V.A.C.S., refers to noise in excess of the usual noise which would necessarily result from the operation of a motor when reduced to the minimum by a muffler such as is defined in Art. 797b P.C., in good working order and in constant operation.

We overrule the contention that the statutes in question are invalid for indefiniteness.

The judgment is affirmed.

### ON MOTION FOR REHEARING

GRAVES, Presiding Judge.

Appellant still insists that the statute herein under consideration is void for uncertainty and that one is not able to ascertain therefrom what offense he might commit by failing to comply therewith relative to the utilization of a muffler on a motor vehicle.

The statute defines a muffler as "a device through which the escaping gases of the motor of a motor vehicle or motorcycle pass, designed to muffle or minimize the noise produced by the operation of such motor," and also to prevent excessive or unusual noises, annoying smoke, and the escape of gas or steam.

In this day and time with millions of automobiles equipped with internal combustion engines traveling on the streets every hour throughout the day and night all over the country, it seems to us that practically all persons are familiar with the common sound of automobiles as the explosions utilized therein pass through the ordinary muffler. If it be a matter of common knowledge as to what those sounds are, measured by one's power of listening and not by the results of technical measure-

ments, then we think that any person should know what the usual noise is that is made by such motors. If it be a matter of common knowledge, then the unusual noise could be established by any person familiar with the usual noise.

We think this matter should be evidenced by any person familiar with the sound of an automoblie as it is propelled upon the streets or highways by its own internal combustion.

We find an analogy in Article 474, P.C., in which a person should be punished who uses loud and vociferous, or obscene, vulgar or indecent language or swear or curse, or yell or shriek, *** or rudely displays any pistol or other deadly weapon in a manner calculated to disturb the peace, etc.

This statute was passed prior to 1866 and is found back in the old Pascal's Digest (Gammel's Laws of Texas, Volume 5), as is shown by the decision in Ex parte Slawson, 139 Texas Cr. R. 607, 141 S.W. (2) 609, in which case the disturbance statute (Art. 474, supra) was claimed to be vague, indefinite and uncertain and did not set forth in intelligible language that which is necessary to constitute the conduct that was complained of.

This matter was held in the Slawson case, supra, to be a statute unmistakably plain in its meaning and was sufficiently certain to inform the relator of the offense with which he stood charged.

Our Texas Supreme Court, in Sisk v. State, 35 Texas 495, 496, relative to this act setting forth the disturbance of the peace, said:

" 'A somewhat novel question is presented by this record. The appellant, with one other, was indicted at the February term, 1871, charged with 'rudely displaying pistols,' and was tried, found guilty and fined. The indictment was founded on the Act of October 20, 1866, which was intended to repeal and supercede art. 2012, Pas. Dig. It is insisted that the law is void for uncertainty and for want of completeness.

" 'Upon an examination of the law we do not so consider it. The law is unmistakably plain in its meaning, and in nowise subject to the hypercriticism passed upon it by the appellant's counsel. The judgment of the district court is affirmed.' "

We, also find the words "loud" and "vociferous" defined in Thomason v. State, 98 Texas Cr. R. 312, 265 S.W. 579, and both

412

are held to be susceptible of an interpretation by an ordinary person. See also West v. State, 131 Texas Cr. R. 191, 97 S.W. (2) 477.

We may use these holdings relative to the disturbance statute as analogous to the use of unusual and excessive noises as set forth in the statute under attack herein.

We think that under the general doctrine of upholding an enactment of the legislature if it is capable of being clearly construed, as well as deference to the opinion of our brethren of the Texas Supreme Court, as well as the Texas Court of Civil Appeals in upholding the validity of this act, surely such should have some weight and persuasiveness with us, though not decisive alone of the matter; nevertheless, the comity between our courts should demand that we give them consideration at least.

Under the circumstances, we are of the opinion that our original judgment upholding this act is correct, and the motion for rehearing is therefore overruled.