Percival C. BARNES, Jr., and Dorothea N. Barnes, Plaintiffs-Respondents,

v.

ANCHOR TEMPLE ASSOCIATION, Defendant-Appellant.

No. 49111.

Supreme Court of Missouri,

Division No. 1.

Jan. 14, 1963.

Harry C. Avery, Ralph V. Wilson, St. Louis, for appellant.

No appearance for respondent.

John J. Morris, City Counselor, University City, for University City, amicus curiae.

HOLMAN, Commissioner.

Defendant has appealed from the judgment of the trial court by which it was "enjoined and restrained from using Lot 20, Block 5 of University Heights Subdivision No. 1, University City, State of Missouri, as a parking area for automobiles." The said injunction was based upon a finding that "the use of said lot for the parking of automobiles is in violation of the Declaration of Trust and Agreement dated January 19, 1905," which contained certain restrictive covenants relating to the use that could be made of the lots located in University Heights Subdivision.

Defendant's Masonic temple is located on Delmar Boulevard which, at that point, is a very heavily traveled thoroughfare in University City. During the spring of 1961 defendant began the construction of a parking lot on Lot 20 which is situated just west of its temple. The parking lot was intended for the use of the members and guests of defendant. Plaintiffs owned and occupied the residential property that adjoined Lot 20 on the west. All of the property mentioned in this paragraph is located in University Heights Subdivision.

Shortly after plaintiffs learned that defendant intended to construct the parking lot they filed their petition in this action, wherein they alleged that the construction and use of Lot 20 for that purpose would violate the following restriction applicable to University Heights Subdivision, to wit: "No building other than a private dwelling house, and the stable and outbuildings appurtenant thereto, shall be erected on any of said lots, nor shall any lot or part thereof be used or occupied for any but private residence purposes * * *."

The primary contention of defendant in the trial court (and here) was that the proposed use of Lot 20 should not be restrained because (1) the quoted restrictions do not prohibit the use of the lot for a parking lot; (2) that in any event the word "stable" as used in 1905 should be construed to mean the same as "garage" or "parking area" today; (3) that by reason of lapse of time and changed conditions, the restrictions had ceased to be effective and enforceable. Another point mentioned for the first time in the motion for new trial and briefed here will be referred to hereinafter.

We must first consider the question of our appellate jurisdiction. See Art. V, Sec. 3, Constitution of Missouri, 1945, V.A.M.S., and Sec. 477.040 RSMo 1959, V.A.M.S. In its jurisdictional statement defendant says we have jurisdiction because "Title to real estate is involved, the amount in controversy is over $15,000, and a constitutional question regarding the public welfare is involved." For reasons hereinafter stated we have concluded that we do not have jurisdiction of this appeal.

We have heretofore held that in an injunction suit of this nature title to real estate is not involved in the constitutional sense. Rombauer v. Compton Heights Christian Church, 328 Mo. 1, 40 S. W.2d 545. Also, the testimony in this case does not support the suggestion that more than $15,000 is in dispute. Since plaintiffs did not seek a money judgment the applicable rule is that the " 'amount in dispute must

be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief be granted, or vice versa, should the relief be denied.'" Long v. Norwood Hills Corporation, Mo. Sup., 360 S.W.2d 593, 596. While plaintiffs alleged that their property "would be depreciated in value if said parking lot is constructed and maintained on said premises and if said premises are used or occupied for parking lot purposes," there was no evidence as to the amount they would be damaged in the event of such use. There is also no evidence as to the amount, if any, defendant would be damaged as a result of a judgment prohibiting the use of the lot as a parking area. It is therefore apparent that we do not have jurisdiction because of the amount in dispute.

■ In order to preserve a constitutional question for review there must be a compliance with the following requirements: "* * * the question must be raised at the first available opportunity: Woodling v. Westport Hotel Operating Co., 331 Mo. 812, 819(2), 55 S.W.2d 477. The sections of the Constitution claimed to have been violated must be specified: Robinson v. Nick, 345 Mo. 305, 309(5), 134 S.W.2d 112, 115(11). The point must be presented in the motion for new trial, if any: Red School Dist. [No. 1 of St. Charles County] v. West Alton School Dist., Mo.Sup., Div. 2, 159 S.W.2d 676, 677(2). And it must be adequately covered in the briefs: McGuire v. Hutchison, 356 Mo. 203(4), 201 S.W.2d 322, 327(8)." City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372, 376. In the case before us there was no suggestion of a question involving a construction of either the United States or Missouri Constitution until the filing of defendant's motion for new trial which contained an assignment that "The Court erroneously and unlawfully adjudged and decreed said alleged restrictions valid and binding, in contravention of and paramount to, provisions of the Constitution of the United States and the Constitution of Missouri relating to public welfare, health

and safety * * *." Also one of the points briefed here is that "The Court erred in failing and refusing to find that under the constitutions of Missouri and the United States that portion of the restrictive covenant which the Court erroneously held to prohibit the use of the parking lot was subject to, and subordinate to, the 'public welfare.'"

■ Defendant has failed in two respects to preserve any constitutional question for review. In the first place, it was not timely raised. If defendant desired to contend that the restrictions in question violated a constitutional provision, it certainly should have pleaded such in its answer in order to comply with the requirement that it be raised "at the earliest opportunity consonant with good pleading and orderly procedure under the circumstances of a given case." Appeal of Mac Sales Co., Mo.Sup., 256 S.W.2d 783, 784. Assigning that contention for the first time in its motion for new trial was not sufficient under the circumstances of this case. McClard v. Morrison, Mo.Sup., 273 S.W.2d 225.

■ There has also been no compliance with the requirement that the sections of the constitution alleged to have been violated must be specified. No section of either the state or federal constitution has been specified or cited in the motion for new trial or brief. The only suggestion is that it involves sections relating to the "public welfare." That is not sufficient. Even if we disregard the rule that the sections must be specified, we cannot confidently identify the section or sections to which defendant intended to refer from the meager description thereof in the motion for new trial and brief.

As stated, we accordingly rule that no question involving a construction of any constitutional provision has been preserved for review.

We have examined the record in the light of the other provisions of Article V, Section 3, supra, and find no other basis

for giving this court jurisdiction of this appeal.

We accordingly rule that this cause should be transferred to the St. Louis Court of Appeals. It is so ordered.

COIL, C., not participating.

HOUSER, C., concurs.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.