**Lloyd E. SWAFFORD, (Plaintiff) Appellant,**

v.

**The INDUSTRIAL COMMISSION of Missouri and the Members Thereof, James J. Butler, Chairman, Carl J. Brown, Member, Lawrence Presley, Member, The Division of Employment Security of Missouri, and General Motors Corporation, a Corporation, (Defendants) Respondents.**

No. 54757.

Supreme Court of Missouri,
Division No. 1.

April 13, 1970.
Rehearing Denied May 11, 1970.

McMath, Leatherman, Woods & Youngdahl, Little Rock, Ark., Krings, Stewart, Whipple, Mauer & Eisler, Kansas City, for plaintiff-appellant.

Lloyd G. Poole, Jefferson City, for Industrial Commission. Curtis K. Cochell, Donald H. Gibson, Jefferson City, for Division of Employment Security.

Herbert E. Barnard, James E. McDaniel, Barnard, Timm & McDaniel, St. Louis, for respondent General Motors Corp.

HOLMAN, Judge.

This case involves a claim for unemployment benefits under the Missouri Employment Security Law. See Chapter 288.[1] It

---

1. All statutory references are to RSMo 1959, V.A.M.S.

apparently is a test case since it involves benefits for only one week. The Division of Employment Security denied the claim and upon review the Industrial Commission reached the same result. Plaintiff then filed his petition for review in the circuit court under the provisions of § 288.210. The circuit court affirmed the decision of the Industrial Commission and plaintiff has appealed to this court. We need not state the facts since we have concluded that this court does not have appellate jurisdiction. See Art. V, § 3, Const. of Missouri 1945, V.A.M.S.

Plaintiff-appellant, in his jurisdictional statement, says we have jurisdiction because the issues require a construction of the Supremacy Clause (Art. VI) of the U. S. Constitution. The difficulty with that contention is that the point involving Art. VI is mentioned for the first time in plaintiff's brief filed in this court. It is well settled that in order to preserve a constitutional question for review it must be raised at the first available opportunity. Barnes v. Anchor Temple Ass'n, Mo.Sup., 369 S.W.2d 192 [4]. In this case the point should have been raised, at the very latest, in the petition for review filed in the circuit court. Since no question involving the construction of a constitutional provision has been preserved for review we do not have appellate jurisdiction on that ground.

It is suggested in the brief of General Motors that since the individual members of the Industrial Commission are listed as defendants in this action we have jurisdiction because a "state officer" is a party. The case of A. J. Meyer & Co. v. Unemployment Compensation Commission, 348 Mo. 147, 152 S.W.2d 184, is cited in support of that suggestion. However, because of the reorganization of the Executive Department, as required by the Constitution of 1945, that case is no longer applicable. It is now well established that the Division of Employment Security is not a "state officer" within the meaning of the constitution; that it and the Industrial

Commission are the proper parties in a proceeding of this nature; that if the Director of the Division or the Members of the Industrial Commission are made parties in the action we will not have jurisdiction on the ground that a "state officer" is a party because they are not necessary parties and no issue is presented as to them in their official capacity. See Trokey v. United States Cartridge Co., Mo., 214 S.W.2d 526 [6], Parker v. Unemployment Compensation Commission, 358 Mo. 365, 214 S.W.2d 529 [8, 9], and Howell v. Division of Employment Security, 358 Mo. 459, 215 S.W. 2d 467 [2].

We have examined all other possible grounds for our jurisdiction and find none that are applicable. We accordingly rule that we do not have jurisdiction of this appeal and that the case should therefore be transferred to the St. Louis Court of Appeals. It is so ordered.

SEILER, P. J., and HENLEY, ALT. J., concur.