Arne CHRISTIANSEN,
Plaintiff-Appellant,

v.

FULTON STATE HOSPITAL,
Defendant-Respondent.

No. 59077.

Supreme Court of Missouri,
En Banc.

April 14, 1976.

Bernard Edelman, Clayton, for plaintiff-appellant.

John C. Danforth, Atty. Gen. by Daniel P. Card, Asst. Atty. Gen., for defendant-respondent.

FINCH, Judge.

Appellant, committed to State Hospital No. 1 at Fulton as a criminal sexual psychopath pursuant to § 202.700,[1] filed a petition

1. All statutory references are to RSMo 1969 unless indicated otherwise.

for release under the provisions of § 202.-740, alleging that he had improved to the extent that his release would not be incompatible with the welfare of society. After a hearing, the trial court denied release, finding that he had not improved to the extent necessary to comply with § 202.740, but recommending to the director of the Division of Mental Health that he administratively transfer Christiansen to Malcom Bliss Mental Health Center in St. Louis, there to be detained and treated until released in accordance with the provisions of §§ 202.-700 to 202.770. Appellant thereafter appealed to this court, alleging that it has exclusive appellate jurisdiction because the case involved questions requiring construction of the eighth and fourteenth amendments to the federal constitution.

Appellant's petition for release raised no constitutional issues. It asserted merely that appellant was sufficiently recovered to merit his release under § 202.740. The petition was never amended. The first reference of any kind to any constitutional issue was in counsel's closing argument to the trial judge wherein he stated that recent cases held that a mental patient has a right to treatment and that Christiansen had not been receiving treatment. Then in his motion for new trial, appellant asserted that extended incarceration without adequate treatment constitutes cruel and unusual treatment and also is a violation of due process and equal protection, in violation of the eighth and fourteenth amendments to the U. S. Constitution.

■ We hold that appellant did not comply with the well-recognized rule which requires that constitutional issues be raised at the earliest opportunity and thereafter preserved. *Swafford v. Industrial Commission,* 452 S.W.2d 801 (Mo.1970); *Barnes v. Anchor Temple Association,* 369 S.W.2d 192 (Mo.1963); 1964 Wash.U.L.Q. 424 esp. § 1.022(d). The need for such a rule is demonstrated by this case. Appellant asserts that he had a constitutional right to treatment and that the treatment afforded him at Fulton was insufficient to comply with constitutional requirements. If these

issues were to be litigated, the State was entitled to notice thereof so as to prepare and present evidence pertinent thereto. Such notice was not given. Instead, the State knew only that appellant was contending that he had recovered sufficiently so that his release would not be incompatible with the welfare of society. Under such circumstances, we would be attempting to decide the constitutionality of treatment provided, even assuming a constitutional right thereto, without that having been an issue and without evidence addressed to that issue having been assembled and then introduced. We should not and will not resolve a constitutional issue on that kind of a record. Hence, no constitutional issue is presented and we have no jurisdiction of this appeal under Mo.Const., Art. V, § 3.

■ Appellant urges that even if the constitutional issues were not raised at the earliest opportunity, they nevertheless should be considered because this situation falls within an exception referred to as the "inherency doctrine". We reject this contention because in *City of St. Louis v. Butler,* 358 Mo. 1221, 219 S.W.2d 372 (banc 1949), this court disavowed the "inherency doctrine", holding it to be unconstitutional. Some confusion as to the survival of the doctrine seems to have resulted from the cases of *Thomas v. Thomas,* 288 S.W.2d 689 (Mo.App.1956), and *Kelch v. Kelch,* 450 S.W.2d 202 (Mo.1970), but neither case applied the doctrine, and as recognized in the subsequent case of *Allright Grand v. Kansas City,* 515 S.W.2d 890 (Mo.App.1974), the doctrine has been rejected and is not to be utilized.

Under such circumstances, we ordinarily would transfer this case to the Missouri Court of Appeals, St. Louis District, in accordance with Mo.Const., Art. V, § 11. However, we have concluded to retain jurisdiction as was done in *Foremost-McKesson v. Davis,* 488 S.W.2d 193 (Mo. banc 1972). In that case this court concluded that it had no jurisdiction of the appeal. However, the court felt that it was desirable that it decide that case. It then pointed out that it had the right to transfer cases before opin-

ion from the court of appeals and that it seemed useless and unnecessarily time-consuming to transfer the case to the court of appeals and then order the case transferred back. Hence, the case was ordered retained in order to avoid such unnecessary procedure.

In this case there is nothing for the court of appeals to resolve because there is no real issue as to whether appellant is sufficiently recovered so that his release would be compatible with the welfare of society. His own brief does not so assert and Dr. Lum, the psychiatrist who examined appellant and appeared as a witness on his behalf, did not so testify. Under such circumstances, the judgment of the trial court denying release of appellant and ordering him remanded to the custody of the Missouri Division of Mental Health must be affirmed.

There was testimony that the facilities at Malcolm Bliss were better adapted to providing treatment for Christiansen. No doubt, as a result of that testimony, the judgment of the trial court requested the director of the Division of Mental Health, acting pursuant to § 202.823, to make an administrative transfer of Christiansen to the Malcolm Bliss Mental Health Center, St. Louis (another facility operated by the Missouri Division of Mental Health), to be detained and treated until released in accordance with the provisions of §§ 202.700 to 202.770.

It appears that the director has not made the requested transfer, assigning as his reason a belief that he is prevented from so doing by an order entered by this court on October 8, 1973, in *Ex parte Lawrence Lucas,* No. 58462. We do not have before us a case involving action taken pursuant to § 202.823 and, hence, do not undertake to interpret it. However, it is appropriate to point out that § 202.823 was not involved in the *Lucas* case and was not construed therein. The *Lucas* order related only to action taken therein pursuant to § 202.830 and dealt with conditional release of the patient, not with administrative transfer between hospitals or facilities operated by the

Division of Mental Health pursuant to § 202.823.

Judgment affirmed.

All concur.