STATE of Missouri, Plaintiff,

v.

**Oliver Eugene BREWER, Defendant.**

**No. 46886.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 12, 1984.

---

John Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for plaintiff.

Michael Wade Clark, Asst. Public Defender, 20th Judicial Circuit, Union, for defendant.

SIMON, Judge.

The defendant, Oliver Eugene Brewer, appeals from a conviction on one count of robbery in the first degree rendered in a bench trial in the Circuit Court of Franklin County, Division I. He was sentenced to a twenty year term in the Missouri Department of Corrections.

On appeal, the defendant contends that the trial judge erred: (1) in declaring a mistrial sua sponte where an insufficient number of venirepersons appeared and defendant waived the required number and was willing to proceed to trial; and (2) in denying defendant's motions to dismiss because the statute defining the crime for which the defendant was prosecuted does not require mental intent or, alternatively, is so highly ambiguous as to be confusing and prejudicial. We affirm:

The information charges that the defendant, in violation of § 569.020 RSMo 1978, committed a Class A felony, robbery in the first degree, in that he forcibly stole money owned by another and in the course thereof displayed a deadly weapon. The case was set for a jury trial, but an insufficient number of venire persons appeared, and the trial court declared a mistrial. At that point, the defendant waived the defect in the venire panel number and consented to begin the peremptory challenges despite the insufficiency. The state did not waive the defect. The trial court informed the defendant that he could not waive the defect. After preserving this objection, defendant then proceeded to waive his right

to a jury trial and consented to a bench trial which began that same day.

Testimony was heard from the store clerk on duty at the time of the robbery and from the arresting officer. The store clerk testified that on August 2, 1982 at approximately 6:05 p.m., the defendant entered the store, bought a bottle of Coke and then left. About twenty minutes later the defendant returned to the store, displayed a .38 revolver and pointed it toward the clerk's face as he ordered the clerk to fill a bag with all the bills and quarters in the register. The defendant also demanded a bottle of good whiskey. The clerk filled the bag with approximately eighty dollars in bills and change and handed the bag over to the defendant along with a pint of Jack Daniel's. The clerk was then forced into a back cooler and was instructed to stay there for five minutes or he would be "blown away." The defendant then fled. The clerk pressed the silent alarm located inside the cooler. This alerted the Franklin County Sheriff's Department. The defendant was apprehended about thirty minutes later some sixteen miles from the store. The clerk also testified that while in his presence, the defendant neither stumbled nor stuttered at any time.

The arresting officer testified that upon a pat search of the defendant a lump of U.S. currency and a large number of quarters were found in his pocket. In searching the truck cab, the officer recovered a holster, a loaded revolver, and 4 bottles of whiskey, including a bottle of Jack Daniel's. The officer further testified that he had advised the defendant of his rights and that after each instruction had been given, the defendant indicated that he understood. The officer also testified that the defendant admitted he had gone into the store and bought a Coke. He admitted returning shortly thereafter to get money. The defendant further admitted that he demanded money and good whiskey. The officer testified that the defendant appeared coherent, responsive in speech and manner, and did not smell of alcohol. At the close of evidence, the trial judge found the defend-

ant guilty of robbery in the first degree. A motion for a new trial was denied and defendant was sentenced to twenty years in the Missouri Department of Corrections.

■ Initially, the defendant contends that the trial court erred in declaring a mistrial sua sponte where a waiver of a legal irregularity was possible, and thus no drastic situation existed for the court's action. The decision to declare a mistrial is within the power of the court and is to be made in exercise of the court's discretion. An appellate court will not interfere with exercise of that discretion except when the record indicates manifest abuse of discretion and a real possibility of prejudice to the defendant. *State v. Lee*, 654 S.W.2d 876, 879–80[4, 5, 6] (Mo. banc 1983). The court declared a mistrial because of a deficiency in the number of potential jurors present. The applicable statute provides that "[t]here shall be summoned and returned in every criminal cause a number of qualified jurors equal to the number of peremptory challenges and twelve in addition; and no party shall be required to make peremptory challenges before a panel of such number of competent jurors shall be obtained." Section 546.210 RSMo 1978. In addition, § 546.180 RSMo Supp.1983 specifically provides the number of challenges for the state and defendant. It is fundamental that litigants are entitled to a full panel of qualified veniremen before the peremptory challenges commence. *State v. Anderson*, 620 S.W.2d 378, 380[1] (Mo. 1981). The defendant relies on *Thompson v. State*, 569 S.W.2d 380 (Mo.App.1978), for the proposition that the right to a full panel of qualified veniremen can be waived. In *Thompson*, the array of the venire panel was challenged after the jury had been sworn. *Thompson*, at 382[1–4]. The challenge as to whether the panel represented an adequate community cross section is not the issue here. In the present case, the required number of veniremen were not available. Thus, defendant's reliance is misplaced. The defendant alleges that because of the mistrial he was forced to choose between a bench trial with his wit-

ness and jury trial without his witness whom he believed would become unavailable at a later date.

The record does not indicate that the witness would be unavailable for a later jury trial but that the public defender would be unable to produce the witness, who was employed out of state, at a later date because the public defender's office had exhausted its funds for travel expenses. The testimony of this witness was to assist the defense in laying a foundation for the opinion of a medical expert. Dr. Crane, a psychiatrist testified as to the defendant's mental capacity. The state did not use a medical expert. A lack of funds to produce a witness does not necessarily make him unavailable. In the representation of an indigent person, the public defender may petition the court for funds on behalf of the defendant. Thus, the defendant was not forced to make the choice he described. Furthermore, the witness' testimony did not go to the issue of innocence or guilt but merely to pave the way for expert testimony which was received by the trial court. Thus, he has shown no prejudice. Defendant's point is without merit.

 The defendant also contends that the trial court erred in denying the defendant's motion to dismiss and motion for a new trial because the statutory crime for which the defendant was prosecuted did not require mental intent and such a finding is necessary for a felony conviction. In the alternative, the defendant contends that the statute is so vague and overbroad as to violate his due process rights. Citing dicta in *State v. Helm*, 624 S.W.2d 513, 517[13] (Mo.App.1981), the defendant argues that § 569.020 RSMo 1978 states that a person "commits first degree robbery when he *forcibly steals* property and in the course thereof he or a participant ... is armed with a deadly weapon or threatens the use of a deadly weapon ... ." The definition section, § 569.010 RSMo 1978, which immediately precedes § 569.020, defines forcibly steals as "the use or threatened use of physical force *for the purpose of....*" (emphasis added) The statute clearly indicates the mental state required. *Lewis v. State*, 650 S.W.2d 335, 336[1] (Mo. App.1983). As to any prejudice suffered because of vague and overbroad language of § 569.020, defendant's allegation is without merit. Prejudicial ambiguity is shown when a reasonable individual would be so confused by the statute that he could not reasonably read and understand what is prohibited or required so that he may act accordingly. *State v. McMilian*, 649 S.W.2d 467, 471[2–6] (Mo.App.1983). The statute is not so vague and confusing that a person of ordinary intelligence would not be given fair notice of the act, omission or conduct the statute prohibits. *McMilian* at 471[2–6]. Judgment affirmed.

CRIST, P.J., and PUDLOWSKI, J., concur.