STATE of Missouri, Plaintiff-Respondent,

v.

Jessie WORSHAM, Defendant-Appellant.

No. 51441.

Missouri Court of Appeals, Eastern District, Division One.

June 2, 1987.

Motion for Rehearing and/or Transfer Denied July 2, 1987.

J. Justin Meehan, St. Louis, for defendant-appellant.

**210**

Kurt David Schultz, Asst. Cir. Atty., St. Louis, for plaintiff-respondent.

KELLY, Judge.

Jessie Worsham appeals from a conviction of making a false report in violation of § 575.080 RSMo 1978 in a jury waived trial. Appellant was sentenced to thirty days imprisonment, however, the execution of the sentence was suspended and appellant was placed on probation for a period of one year.

The relevant facts are as follows. On March 28, 1985, the appellant was arrested for leaving the scene of an accident. Appellant was arrested at 2513 University and conveyed to the intersection of University and Parnell. During the course of his arrest and confinement, appellant claimed to have been beaten by police officers and paramedics of the City of St. Louis Emergency Medical Service.

The state's principal witness was Ronald Jones, a bus operator and supervisor reservist with Bi-State Development Agency. Jones testified that at approximately 9:00 p.m., he was at the intersection of St. Louis Avenue and 25th Street in the City of St. Louis, when he observed appellant's pickup truck strike a light standard, back up and then strike a parked truck. Jones immediately called the Bi-State dispatcher, requesting that the dispatcher contact the police. Jones followed the appellant's vehicle, and observed appellant park it on University Street and remain sitting in the truck. Jones then returned to the intersection of St. Louis and 25th Street to await the arrival of the police. After the police arrived, Jones directed the officers to the 2500 block of University Street, where Jones had last seen appellant. By this time appellant had left the truck and was walking towards a house on the north side of the street. It was stipulated that this house was the house of Bernice Moreland, at 2513 University Street.

When police officers approached appellant, an altercation ensued. Several witnesses testified that appellant was belligerent and uncooperative as he struggled with police while they attempted to place handcuffs on him. Police then conveyed appellant from 2513 University, the scene of the arrest, to the intersection of University and Parnell. Police had called the City of St. Louis Emergency Medical Service to request that a paramedic examine the appellant while in police custody. The police report indicates that appellant refused medical attention. Appellant was later taken by police to the 5th District Station.

Sometime thereafter, appellant told his attorney that he had been beaten by police officers and paramedics, and that he had been beaten with night sticks at 2513 University and at the intersection of University and Parnell. None of the witnesses saw appellant hit with any night-sticks, any other object or any fists. On May 1, 1985, appellant's attorney sent a letter to Captain Carraway of the Metropolitan Police Department, requesting a departmental review of the alleged police brutality.

On May 7, 1985, Captain Carraway responded to the letter. Captain Carraway indicated that all allegations of police brutality are investigated by the Internal Affairs Division, and that he had forwarded the attorney's letter to that unit of the police department.

The Internal Affairs Division then contacted appellant, and on May 14, 1985, appellant, accompanied by his attorney, voluntarily went to the Office of Internal Affairs to make a formal complaint. This formal complaint to the Internal Affairs Division formed the basis for the charges against appellant for making a false report. Initially, appellant reported his complaint to Sergeant Shadrach Burke. Sergeant Burke then prepared a written statement based upon the appellant's complaint. Respondent includes in its brief a reference to a sworn written complaint which was signed by appellant, however, at trial, appellant's written statement was not produced. Sergeant Griffin, the officer who was assigned to investigate the complaint, testified that all notes indicating what appellant reported to the Internal Affairs Division had been destroyed, however, he had spoken with appellant and had based his investigation on appellant's sworn complaint.

He testified that appellant stated that the police had beaten him with night sticks. He further testified, that at no time during the course of his investigation, did he discover any evidence or witnesses that would substantiate appellant's complaint. Based upon Sergeant Griffin's report, appellant was then charged with filing a false report that a crime had occurred.

■ In his first point of error, appellant contends that the trial court erred in failing to dismiss the charge against appellant, in that the statute under which he was charged, § 575.080 RSMo 1978, is unconstitutionally vague and overbroad. The relevant statute, § 575.080 RSMo 1978, reads as follows:

### § 575.080 MISSOURI REVISED STATUTES FALSE REPORTS

1. A person commits the crime of making a false report if he knowingly:
(1) Gives false information to a law enforcement officer for the purpose of implicating another person in a crime; or
(2) Makes a false report to a law enforcement officer that a crime has occurred or is about to occur; or
(3) Makes a false report or causes a false report to be made to a law enforcement officer, security officer, fire department or other organization, official or volunteer, which deals with emergencies involving danger to life or property that a fire or other incident calling for an emergency response has occurred.
2. It is a defense to a prosecution under subsection 1 of this section that the actor retracted the false statement or report before the law enforcement officer or any other person took substantial action in reliance thereon.
3. The defendant shall have the burden of injecting the issue of retraction under subsection 2 of this section.
4. Making a false report is a class B misdemeanor.

Appellant's attack on the constitutionality of § 575.080 RSMo 1978 was raised for the first time in appellant's brief filed in this court. It is well-settled that in order to preserve a constitutional question for review it must be raised at the first available opportunity. *Jerry-Russell Bliss v. Hazardous Waste*, 702 S.W.2d 77, 80[1] (Mo. banc 1985); *Christiansen v. Fulton State Hospital*, 536 S.W.2d 159, 160[1, 2] (Mo. banc 1976); *Swafford v. Industrial Commission*, 452 S.W.2d 801, 802[1, 2] (Mo. 1970). Appellant has failed to preserve any constitutional question for appellate review. Appellant's first point is therefore denied.

■ Appellant next contends that the trial court erred in failing to sustain appellant's motion for judgment of acquittal because the evidence was insufficient to support a conviction of making a false report. Appellant was specifically charged under Section 1, Subsection 2 of § 575.080 RSMo 1978 with knowingly making a false report on the 14th day of May, 1985, "to Sergeant Robert Griffin, a law enforcement officer, that a crime, namely, assault of Jesse Worsham on March 28, 1985, at 2513 University and at Parnell and University had occurred."

At the conclusion of trial, the trial court stated its reasons for finding the appellant guilty of filing a false report. The transcript reads as follows:

Based on all the evidence that I've heard, I'm going to find the Defendant guilty as charged, and I won't go into any long explanation about the reasons; however, both the verbal statements and the letter of Mr. Meehan very clearly talk about being beaten at the initial scene and at the lounge and the letter by Mr. Meehan very clearly lays out, at least in part of that initial complaint. If there was some further complaint, that wasn't charged, and he was not accused of making any false statements at that regard.

So I think that there's sufficient evidence to very clearly set forth his complaint and, in my opinion, based on the evidence that I've heard from the lay witnesses and everything, that those two complaints were initially false and knowingly false.

So there will be a finding of guilty on the information as charged.

In reviewing a claim of insufficiency of the evidence to support a conviction, we must accept the state's evidence as true and give the state the benefit of all reasonable inferences, disregarding all evidence and inferences to the contrary. *State v. Meyer*, 694 S.W.2d 853, 855[1] (Mo.App. 1985).

It is clear from the record that the trial court determined from the evidence that all of the essential elements of the statute were established to support appellant's conviction. We agree.

Judgment affirmed.

SATZ, P.J., and CRIST, J., concur.