ST. LOUIS COUNTY, Respondent,

v.

Jerry A. McCLUNE, Appellant.

No. 54458.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 6, 1988.

Jerry A. McClune, University City, pro se.

Lisa Randie Rattner, Government Counsel, Clayton, for respondent.

DOWD, Presiding Judge.

The trial court found appellant guilty of violating the St. Louis County muffler ordinance, § 1217.010 St. Louis County Revised Ordinances. The ordinance provides "no person shall drive a vehicle in a manner or condition such that excessive and unnecessary noises are made by its machinery, motor, signaling device, tires or other parts, or by any improperly loaded cargo." The trial court imposed a five dollar fine and seventeen dollars in court costs. Defendant represented himself at the trial and on this appeal.

The relevant facts in light of the lower court's findings are as follows. On September 26, 1987, appellant drove his vehicle into a public park in unincorporated St. Louis County. Subsequently, St. Louis County Police Officers Patrick Costello and Paul Chambers stopped appellant's vehicle. Officer Costello informed appellant that his vehicle was "really loud" and that he had heard the vehicle before it came into sight even with the patrol car's windows rolled up. Officer Costello proceeded to issue appellant a Uniform Traffic Ticket for violation of § 1217.010 of St. Louis County Revised Ordinances.

Appellant first contends the county ordinance is unconstitutionally vague for failing to establish a sufficient standard as to what constitutes an ordinance violation. Appellant, however, neglected to raise this constitutional issue at the trial court level. "It is well-settled that in order to preserve a constitutional question for review it must be raised at the first available opportunity." *State v. Worsham*, 732 S.W.2d 209, 211 (Mo.App.1987) citing *Jerry–Russell Bliss, Inc. v. Hazardous Waste*, 702 S.W. 2d 77, 80 (Mo. banc 1985). The point is not preserved for appellate review.

Nevertheless, appellant seeks to have the ordinance's constitutionality reviewed under the plain error doctrine. This doctrine allows appellate courts to review issues not raised in the trial court. "Under this standard of review, the plain error complained of must impact so substantially upon the rights of the defendant that manifest injustice or a miscarriage of justice will result if left uncorrected." *State v. Driscoll*, 711 S.W.2d 512, 515 (Mo. banc 1986). In this case, however, appellant's rights are completely unaffected as the ordinance withstands constitutional scrutiny.

■ A criminal statute is unconstitutionally vague under the 14th amendment to the United States Constitution if it fails to give fair warning of the act prohibited. *State v. McMilian*, 649 S.W.2d 467, 471 (Mo.App.1983). Such prejudicial ambiguity is shown when a reasonable individual would be so confused by the ordinance that he could not reasonably read and under-

stand what is prohibited. *State v. Brewer*, 672 S.W.2d 384, 387 (Mo.App.1984). Appellant has not been placed in such a situation. This standard is sufficient to inform a person of ordinary intelligence the nature of the act prohibited. For those familiar with motor vehicle operation, it denotes an unreasonable deviation from the level of noise normally produced from the average automobile.

Furthermore, three other jurisdictions have upheld nearly identical muffler statutes when challenged for unconstitutional vagueness. In *People v. Byron*, 17 N.Y.2d 64, 268 N.Y.S.2d 24, 215 N.E.2d 345 (1966), the New York Court of Appeals held that a statute requiring an adequate muffler to prevent "excessive and unusual noise" sufficiently described the evil to be prevented and informed the motorist of his duty. Similarly, in *Smith v. Peterson*, 131 Cal. App.2d 241, 280 P.2d 522 (1955), a California district court of appeals upheld a vehicle code provision requiring every motor vehicle have an adequate muffler which will prevent any "excessive" noise. The court ruled "excessive" sufficiently informed persons of the nature of the offense. Finally, in *Ex Parte Trafton*, 160 Tex.Cr.R. 407, 271 S.W.2d 814 (1953), a Texas district court of appeals held that penal statutes requiring every motor vehicle have a muffler capable of preventing "excessive or unusual" noise were not invalid for indefiniteness.

■ The appellant also contends he was not given a fair hearing due to the trial judge's questioning of the arresting officer on direct examination and his manners during the hearing. Appellant's contention stems from several questions the trial judge put to the prosecution's sole witness, Officer Costello. Appellant, however, failed to object during the trial to the questioning. An appellate court will not, on review, convict the trial court of an error on an issue which was not put before it to decide. *Lincoln Credit Company v. Peach*, 636 S.W.2d 31, 36 (Mo. banc 1982). Review, even in court tried cases, is limited to those issues put before the trial court. *Rietsch v. T.W.H. Co., Inc.*, 702 S.W.2d

108, 112 (Mo.App.1985). For this reason, appellant failed to preserve this issue for appellate review.

 Finally, appellant contends Officer Costello filed an invalid complaint by failing to place his signature on the Uniform Traffic Ticket; Officer Costello merely affixed his department serial number. The prosecutor, however, did sign his name on the complaint and information section located at the bottom of the Uniform Traffic Ticket. Rule 37.33(f) requires that a complaint "be verified by oath or affirmation of the complainant." This verification is valid as long as it "is subject to identification and is affixed with the intent of formalizing the complaint." *City of Kansas City v. Narron*, 493 S.W.2d 394, 400–401 (Mo.App.1973). A prosecutor must sign the complaint and information or the trial court will not obtain jurisdiction. *City of Joplin v. Graham*, 679 S.W.2d 897, 899 (Mo.App.1984).

In the present case, the prosecutor did sign the complaint and information. We are unable to find any authority holding that the absence of the officer's signature is fatal in this situation. In any case, the officer wrote his department serial number and district on the ticket which is sufficient to identify him and to demonstrate his intent to formalize the complaint. This point does not require reversal.

JUDGMENT AFFIRMED.

SIMON, J., and SIMEONE, Senior Judge, concur.

SIMON, Judge, concurring.

I concur in the result reached by the majority. However, I respectfully disagree with the majority's finding that appellant failed to preserve his constitutional challenge to the county ordinance.

Appellant contends that § 1217.010 of the St. Louis County Revised Ordinances under which he was charged and convicted is unconstitutionally vague. The majority holds that appellant has failed to preserve his challenge to the constitutionality of the ordinance by not raising the issue at his first opportunity. In appellant's case, his first opportunity to raise the issue existed at the associate circuit court level.

A constitutional challenge must be raised at the first available opportunity in order to be preserved in both civil and criminal cases. *See Barnes v. Anchor Temple Association*, 369 S.W.2d 192, 194[4] (Mo.1963) (civil action to enjoin use of lot as parking area for automobiles); *and State v. Worsham*, 732 S.W.2d 209, 211[1] (Mo.App.1987) (criminal conviction for making a false report). However, an important distinction arises when the challenge is to the constitutionality of the statute or ordinance under which a defendant is charged. "[T]here is a long line of cases holding that an unconstitutional law is no law so that its constitutionality is open to attack at any stage of the proceedings, even after conviction and judgment upon the ground that no crime could have been committed, and therefore, the trial court has no jurisdiction." *State v. Bible*, 750 S.W.2d 676, 678–9 (Mo.App. 1988). *See also Ex parte Smith*, 135 Mo. 223, 36 S.W. 628, 630 (1896).

Here, appellant challenged the constitutionality of the ordinance under which he was charged. Therefore, I would permit appellant to raise his constitutional challenge in this court. However, I concur with the majority in that appellant's vagueness claim is without merit.