STATE OF MISSOURI at the relation of KENOSHA AUTO TRANSPORT CORPORATION, Relator, v. JOHN H. FLANIGAN, Acting Judge of Division 1 of the Circuit Court of Jasper County, Missouri.—159 S. W. (2d) 598.

Court en Banc, March 10, 1942.

*Birkhead & Teters* for relator.

*Ralph Baird, Kelsey Norman* and *Henry Warten* for respondent.

 .GANTT, C. J.—Original action in prohibition.  The facts alleged in the petition for the writ follow:

Relator is a Wisconsin corporation.  On December 14, 1940, it had a permanent license from the Public Service Commission to transport property in interstate commerce over the public highways of this State.  In Jasper County, and on said date, its motor vehicle collided with the motor vehicle in which Faye B. Burke was traveling. As a result, she and her husband filed separate suits against relator in the circuit court of said county on May 15, 1941.  The petitions alleged that Faye was injured as a result of the negligence of the

driver of relator's motor vehicle. The suit by the husband was for loss of the wife's services. On the last mentioned date the clerk of the circuit court of Jasper County issued a summons in each case directed to the sheriff of Cole County, commanding him to summon relator to answer the petitions in said cases. The sheriff of Cole County made return as follows:

"Executed the within Writ in the County of Cole and State of Missouri, on the 16th day of May, 1941, upon Kenosha Auto Transport Corporation by delivering a true copy of the within writ, together with copy of petition attached thereto, as certified to by the Clerk of the Circuit Court of Jasper County, Missouri, to Robert E. Holliway, Secretary of the Public Service Commission of Missouri, he being the person authorized by law to accept service for and in behalf of the above named defendant, under and by virtue of Section 5979 (5279), Laws of Missouri, 1931."

On June 12, 1941, relator filed motions to quash the summons and sheriff's return in said cases. In doing so appearance was limited to the motions, which alleged as follows:

"That the said defendant has not been properly and legally notified of said action or served with a writ of process herein.

"That the said Kenosha Auto Transport Corporation is a foreign corporation and at the time of the commencement of this action, and is not now doing business in the State of Missouri and has at no time had any office or place of business in the State of Missouri and it did not then have or has ever had any officer, agent or employee in said state authorized to receive service of process.

"That the return of the sheriff of the service of said process does not recite that this defendant at said time was doing, or had been doing, business in the State of Missouri, nor that said defendant had a place of business in the State of Missouri nor that any officer or agent represented it in business in the State of Missouri.

"That by the return of the sheriff of the service of said process it is recited that said Writ of Summons and certified copy of the petition were delivered to Robert E. Holliway, Secretary of the Public Service Commission of Missouri, and by said return it was alleged that the said Robert E. Holliway was the person authorized to accept said service for and in behalf of said defendant under and by virtue of Section 5979 (5279), Laws of Missouri, 1931. That the aforesaid section, now Section 5735, Revised Statutes of Missouri, 1939, is invalid and unconstitutional and in conflict with Article II, Section 30, of the Constitution of the State of Missouri and with the Fifth Amendment and the Fourteenth Amendment to the Constitution of the United States of America and said defendant is being deprived of its property without due process of law and is being deprived of due process of law.

"Wherefore, by reason of the premises, the said defendant prays the Court to quash the Writ of Summons in this cause against it, and the service and return of the sheriff thereon and thereof."

On August 9, 1941, the circuit court overruled the motions and directed relator to plead to the merits, which resulted in relator's petition to this court for prohibition.

■ It will be noted that the petition for the writ of prohibition only challenges the unconstitutionality of Sec. 5735, R. S. 1939, for reasons as follows: "That the return of the sheriff of the service of said process does not recite that this defendant at said time was doing, or had been doing, business in the State of Missouri, nor that said defendant had a place of business in the State of Missouri nor that any officer or agent represented it in business in the State of Missouri." The section (5735, R. S. 1939) follows:

"Suit may be brought against any motor carrier or contract hauler, as in this article defined, in any county where the cause of action may arise, in any town or county where motor carrier operates, or judicial circuit where the cause of action accrued, or where the defendant maintains an office or agent and service may be had upon such carrier whether an individual person, firm, company, association, or corporation, by serving process upon the secretary of the public service commission."

Relator cites no authority authorizing a ruling that the failure of the sheriff to make such a recitation in his return would be a denial of due process under the cited sections of the State and Federal Constitutions. We know of no such authority.

■ Furthermore, absent "the facts relied upon to rebut the presumption of constitutionality," the petition does not present a constitutional question. The rule is stated as follows:

"It is the general rule that, to raise a constitutional question, the particular provision of the Constitution alleged to be violated must be pointed out. And it is not sufficient that certain sections of the Constitution be set out and the assertion made that rights of appellant thereunder have been violated, but the facts which constituted such violation must be set out." [Houts, Mo. Pleading & Practice, Vol. II, p. 237.]

"A complaint in a suit to enjoin the enforcement of a regulation made in the exercise of the police power is not rendered sufficient by allegations which are merely general conclusions of law or fact, but must set forth the facts relied upon to rebut the presumption of constitutionality." [11 Am. Jur., Sec. 126, p. 774; Village of Grand View v. McElroy, 318 Mo. 135, 138, 298 S. W. 760; State v. Goad, 296 Mo. 452, 456, 246 S. W. 917; State v. Nece, 248 S. W. 963; Dorrah v. Pemiscot County Bank, 248 S. W. 960; Pacific States Box & Basket Co. v. White, 296 U. S. 176, 185.]

58

The petition for the writ of prohibition presents no constitutional questions. The preliminary rule should be discharged. It is so ordered. All concur.