**Barbara June KELCH (Martin), Appellant,**

v.

**Wayne KELCH, Respondent.**

**No. 54355.**

Supreme Court of Missouri,
Division No. 1.

Feb. 9, 1970.

Elliott & Marks, Murry A. Marks, St. Louis, for appellant.

McIlroy & Millan, Bowling Green, for respondent.

PAUL E. CARVER, Special Judge.

This is an appeal from an order of the Pike County Circuit Court sustaining a motion to modify a decree of divorce.

Wayne Kelch and Barbara June Kelch were married in June 1961. This marriage terminated in divorce on October 18, 1965, by a decree of the Circuit Court of Pike County. The divorce was granted Barbara June Kelch, along with the care and custody of the minor children, namely, Lisa Kay Kelch and David Wayne Kelch, children born of this marriage. The court further ordered Wayne Kelch to pay the sum of twenty-five dollars ($25.00) per week as child support.

For the purpose of identity the appellant will be referred to hereafter as Barbara and the respondent as Wayne.

On May 6, 1968, Wayne filed his motion to vacate and set aside the decree awarding Barbara the custody of Lisa Kay, age five, and David Wayne, age three, alleging that circumstances had changed as follows:

"That since this time circumstances have changed regarding the Plaintiff and the Defendant and the Defendant has now married and established a home in Quincy, Illinois and has the actual physical custody of these children and is providing for their support and maintenance. Defendant further states that the Plaintiff, Barbara June Kelch, is an unfit and improper person to have the care and custody of said minor children by various acts and abandonment of the children at various times by the Plaintiff and therefore the Defendant requests that the Divorce Decree in this case be modified to award to the defendant, Wayne Kelch, custody of the two (2) minor children and that the child support award to the plaintiff in the amount of Twenty-five Dollars ($25.00) per week be vacated."

Barbara on May 24, 1968, promptly filed her answer to Wayne's motion to modify. She admitted the divorce, the granting of custody to her of the children, and the court's order of support for the children, but denied any change of circumstances. She further alleged that her name was now Barbara June Kelch Martin. The evidence shows that she has since the divorce remarried.

On September 26, 1968, this matter came on for trial. On this date Barbara filed an application for a change of venue (really a disqualification of the judge). The trial judge denied this application. Immediately thereafter Barbara filed an application for a continuance, which the trial judge promptly denied.

The motion for a change of venue and for a continuance were filed without notice to Wayne or his attorney.

After overruling the motion for a change of venue and for a continuance, the trial began immediately on the merits. After a day and a half of hearing testimony, the trial court sustained Wayne's motion to modify and granted him custody of the two children, also relieving him of the support order of twenty-five dollars ($25.00) per week.

Barbara, in due time, filed her notice of appeal to this court. Wayne in his argument before this court agreed that this court has the appellate jurisdiction to entertain this appeal.

■ The appellate jurisdiction of this court is not a general one, but is specifically limited by Article V, Section 3, of the Missouri Constitution, 2 V.A.M.S. "[This section] does not denominate divorce per se a case in which an appeal lies in the Supreme Court. Consequently, appeals in divorce proceedings are usually within the jurisdiction of the courts of appeals * * *." Rickard v. Rickard, Mo.App., 428 S.W.2d 919, 925 [10].

■ It is our duty to inquire and determine our jurisdiction to hear cases appealed to this court whether jurisdiction be challenged or not by the parties. Sunray DX Oil Co. v. Lewis, Mo., 426 S.W.2d 44, 48 [1–3]; Kansas City v. Howe, Mo.App., 416 S.W.2d 683, 686 [3]. Neither can the parties confer jurisdiction by waiver, acquiescence, or even express consent. State ex rel. Pemberton v. Shain, (Banc), 344 Mo. 15, 17, 124 S.W.2d 1087, 1088 [1]; Higgins v. Smith, (Banc), 346 Mo. 1044,

1047, 144 S.W.2d 149, 151 [4]. In fact it is our duty to make this jurisdictional determination sua sponte, United Brotherhood of Carpenters, etc., v. Industrial Comm., Mo., 352 S.W.2d 633, 635 [7], so that we can protect the jurisdiction of the courts of appeals by disclaiming our own. Jenkins v. Jenkins, Mo., 251 S.W.2d 243, 245 [1–2]; United Brotherhood of Carpenters. etc., v. Industrial Comm., supra.

This case is presented here on the premises that we have appellate jurisdiction, because in Barbara's jurisdictional statement in her brief she states: "Appellant contends that jurisdiction is invoked and vested in this Court pursuant to Article V, Section 3 of the 1945 Constitution of Missouri wherein this Court shall have exclusive appellate jurisdiction in all cases involving the construction of the Constitution of the United States and the Constitution of this State. Appellant contends that her rights pursuant to Article I, Section 10 of the Constitution of the State of Missouri and the Fourteenth Amendment to the Constitution of the United States have been abridged and that she has been effectively denied Due Process of Law thereby. Jurisdiction is therefore vested in this Court."

Barbara has raised her constitutional questions through her unsuccessful proceeding to disqualify the trial judge under the provision of S.Ct. Rule 51.03, V.A.M.R., by alleging in her motion "that to deny her a change of venue as hereinbefore prayed would deny her a right to a fair and impartial trial in violation of Article I, Sections 10 and 14 of the Constitution of the State of Missouri, and Articles 5 and 14 of the Constitution of the United States." Supreme Court Rule 51.03, V.A.M.R., permits the disqualification of the trial judge, and S.Ct. Rule 51.06(c) provides that "An application for change of venue or for disqualification of the judge must be filed within five days after information and knowledge of the existence of the cause alleged was acquired and not less than five days before the date set for trial on the merits * * *."

■ Passing the sufficiency of the application to disqualify the trial judge filed by Barbara, but not so deciding, it appears that no notice of the filing of the application was given to the opposing party as required by S.Ct. Rule 51.06(c). This was not filed until the date of trial and was not timely filed. The failure to comply with S.Ct. Rule 51.06(c), V.A.M.R., in failing to give five days' notice of the intended application to disqualify the trial judge does not raise or preserve a constitutional question for this court to determine.

After the overrulinng of the application for disqualification of the trial judge, Barbara immediately filed her application for a continuance. The grounds for continuance were: (1) that her attorney, Forriss D. Elliott, was unexpectedly called out of the state on legal matters; (2) that witnesses for the plaintiff would testify as to her good moral character and fitness as a mother, her ability as a housekeeper and cook, and ability to care for the minor children; (3) that the witnesses were nonresidents of the State of Missouri, and that said witnesses would be available within a reasonable time. This motion was denied by the trial court and trial proceeded immediately. At 5:25 P.M. on the first day of trial, court adjourned until 1:00 P.M. on September 27, 1968. At that time Barbara, through her attorney, made the following statement to the court:

"MR. MARKS: Your Honor, on behalf of my client, Mrs. Martin, we will be here ready to proceed. However, Your Honor, I do not in any way want to waive either of the—I can caption them post or pretrial motions that I have heretofore filed and argued, namely, my motion for a change of venue and/or disqualification of the Circuit Judge of the Eleventh Judicial Circuit predicated upon the bias and prejudice of the inhabitants and their effect

on the Court—and on the Court, and I in no way am intending to waive my earlier motion for a complete continuance of the case for the matters previously stated in my argument with respect to those motions which the Court did overrule.

" * * *

"Simply as a matter for the record that it is the plaintiff's position that plaintiff has today proceeded and—has proceeded under legal protest, if I can phrase it in that context, having had my earlier motion overruled, and I would like to state that it may be that our position with respect to the availability of witnesses and of those witnesses named in my motion for a continuance will continue until tomorrow and, therefore, I am again indicating to the Court that I am proceeding only because the Court has denied my motion for a continuance, and for the record, although I am not under oath, I would like simply to reiterate that it is possible that two of the witnesses, one of whom is here and one of whom is working in Fort Madison, Iowa, and may not be able to appear may not be here and consequently I do not want to waive any of the constitutional issues or any of those issues relating to due process of fair trial which I have raised earlier."

■ Generally, in order to raise a constitutional question, the particular provision of the constitution alleged to be violated must be pointed out, and it is not sufficient that certain sections of the constitution are set out and assertions are made that rights of a party thereunder have been violated, but the facts which constitute the violation must be set out. State ex rel. Kenosha Auto Transport v. Flanigan, (Banc), 349 Mo. 54, 159 S.W.2d 598, 599 [3].

The denial of the application for a continuance was never raised as a constitutional question until Barbara filed her motion for a new trial, in which she alleged, "The Court erred in not granting plaintiff a continuance as prayed in her motion for continuance based upon the absence of ma-

terial witnesses then unavailable to said plaintiff, and that action taken by the Court in overruling said motion was a denial of the plaintiff's right to a fair and impartial trial as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and Sections 10 and 11 of the Constitution of the State of Missouri."

" * * * it has been held time and again that to invoke appellate review of a constitutional question four requirements must be satisfied, i. e., (1) the constitutional question must have been raised at the first opportunity, (2) the constitutional provision claimed to have been violated must have been designated specifically, either by explicit reference to the article and section or by quotation of the provision, (3) the facts showing such violation must have been stated, and (4) the constitutional question must have been presented throughout for review, including presentation in the motion for new trial and adequate coverage in the appellate briefs." Ragan v. Ragan, Mo.App., 315 S.W.2d 142, 148 [4]. "There is an exception to this rule; namely, where, on the whole case, some provision of the constitution was either directly or by inexorable implication involved in the rendition of the judgment and decided against the appellant." Thomas v. Thomas, Mo.App., 288 S.W.2d 689, 695 [3]. In the instant case it has no application.

■ Barbara's attempt to invoke constitutional questions based on the denial of the continuance, and her failure to raise and preserve the denial of the motion for the disqualification of the trial judge may not be raised for the first time in her motion for a new trial. Thomas v. Thomas, supra.

■ It is plain that the quoted assignment in plaintiff's motion for a new trial, without specific designation of the constitutional provision claimed to be violated, and without any statement tending to show how or in what manner or respect plain-

tiff's right to a fair and impartial trial was denied, constituted nothing more than a general conclusion and is insufficient to raise and preserve any constitutional question. Ragan v. Ragan, supra, 315 S.W.2d 142, 148 [6–7].

It thus appears that this court is without jurisdiction to rule on any question presented on this appeal other than the question of jurisdiction and to transfer this case to the proper court of appeals.

This case should be, and is, transferred to the St. Louis Court of Appeals.

SEILER, P. J., and HOLMAN, J., concur.

STORCKMAN, J., not sitting.