STATE of Missouri, Plaintiff-Respondent,

v.

Dennis Patrick HARMS, Defendant-Appellant.

No. 35453.

Missouri Court of Appeals,
St. Louis District.

March 5, 1974.

Lowenhaupt, Chasnoff, Freeman, Holland & Mellitz, Richard D. Fitzgibbon, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Gene McNary, Pros. Atty., James R. Hartenbach, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

McMILLIAN, Judge.

This is an appeal by the defendant from a judgment of conviction entered by the Circuit Court of St. Louis County, Missouri, upon a jury verdict finding the defendant guilty of a second violation of the Controlled Substances Act, § 195.020, RSMo 1959, as Amended 1971, V.A.M.S. After conviction pursuant to § 195.200, subd. 1(5), RSMo 1959, as Amended 1971, V.A.M.S., the court sentenced defendant to serve ten years in the custody of the Department of Corrections.

Originally, defendant filed his appeal in the Missouri Supreme Court; however, on May 11, 1973, the Supreme Court, on its own motion ordered the cause to be transferred to this court because it found defendant failed to properly preserve questions which required a construction of the Constitution. Art. V, § 3, Missouri Constitution, V.A.M.S.

Since defendant does not challenge the sufficiency of the evidence, we give only a brief narrative of the facts.

The State's evidence showed that on February 21, 1972, defendant sold a tin foil packet to one George Kimbal, an undercover police officer. Also present at the sale was Officer William J. Hines, Kimbal's partner. Subsequent tests of the substance in the packet showed it to be cocaine.

Both Officers Hines and Kimbal testified that they became acquainted with defendant's activities through an informant, David Carroll, who apparently arranged the sale and went with them to defendant's apartment. Neither Kimbal nor Hines were acquainted with Carroll prior to the time in question; however, Kimbal had been told that Carroll was reliable, and both he and Hines questioned Carroll for thirty minutes prior to approaching the defendant. For about six weeks after the sale both detectives kept defendant under surveillance and finally arrested him.

Defendant argues first that §§ 195.020 and 195.200, RSMo 1959, as Amended, V.A.M.S., are unconstitutional and void, as they relate to the particular offense of marijuana and as written, interpreted and applied, constitutes cruel and unusual punishment, and acts to deprive him of his liberty without due process of law. State v. Reiley, 476 S.W.2d 473 (Mo.1972); State v. Griffin, 339 S.W.2d 803 (Mo.1960); U.S.Constitution, Amendment 14, § 1; Missouri Constitution, Art. I, § 10; § 1.160, RSMo 1969, V.A.M.S.

Secondly, defendant contends that he was arrested without a warrant; that the

evidence obtained was seized without either a search warrant, or the existence of probable cause for Officers Kimbal or Hines to believe that a crime had been or would be committed. State v. Van Regenmorter, 465 S.W.2d 613 (Mo. banc 1971).

Our examination of the record of the various grounds for reversal on appeal now being urged by defendant convinces us that none of the points was properly preserved for review. Rule 27.20(a), V.A.M.R. Neither do we find that any of the various errors under the Constitution of the United States or the State of Missouri were claimed in the trial court, in the objections to evidence in the motions for a judgment of acquittal, or in the motion for a new trial.

Repeatedly, where constitutional issues are concerned, our Missouri courts have stated:

". . . to invoke appellate review of a constitutional question four requirements must be satisfied, i. e., (1) the constitutional question must have been raised at the first opportunity, (2) the constitutional provision claimed to have been violated must have been designated specifically, either by explicit reference to the article and section or by quotation of the provision, (3) the facts showing such violation must have been stated, and (4) the constitutional question must have been presented throughout for review, including presentation in the motion for new trial and adequate coverage in the appellate briefs." Ragan v. Ragan, Mo.App.; 315 S.W.2d 142, 148 [4]; quoted in Kelch v. Kelch, 450 S.W.2d 202, 206 (Mo.1970).

■ Here, defendant asserts in his brief that the construction given by the trial court to § 195.200, subd. 1(5), RSMo 1969, V.A.M.S. constitutes cruel and unusual punishment. However, his motion for a new trial neither mentions "cruel and unusual punishment" nor mentions the Eighth Amendment to the United States Constitution. Therefore, defendant has not preserved this point for review. Rule 27.20,

V.A.M.R. Stine v. Kansas City, 458 S.W. 2d 601 (Mo.App.1970); Kansas City v. Graybar Elec. Co., Inc., 454 S.W.2d 23 (Mo.1970).

■ Neither do we find that defendant's motion for a new trial mentions "due process of law." While we find that defendant's motion for a new trial did cite the trial court to the Fifth and Fourteenth Amendments to the United States Constitution, the reference was in connection only to the claimed assertion of an unreasonable search and seizure and the vagueness of the Missouri statutes. Thus, this assignment or claim fails to conform to any of the prerequisites to preserve for review any constitutional question as set forth in the case of either *Ragan* or *Kelch, supra;* therefore, we rule this point adversely to the defendant.

■ Although matters relating to a claimed violation of constitutional rights may be considered under our "plain error" rule, Rule 27.20(c); State v. Hammonds, 459 S.W.2d 365 (Mo.1970); and may be considered by the court *sua sponte,* State v. Coyne, 452 S.W.2d 227 (Mo.1970); State v. Brookshire, 355 S.W.2d 333 (Mo.App. 1962), the standard to be met under the rule is still a showing of manifest injustice or miscarriage of justice. Mere allegations of constitutional error, as here, even if proven, do not automatically satisfy the standard; rather some kind of factual showing of injustice is required. State v. Meiers, 412 S.W.2d 478, 480 (Mo.1967). Our review of the record shows that there was neither a manifest injustice or miscarriage of justice nor a factual showing by defendant that such was the case.

■ In any event, the ten year term of imprisonment meted out by the trial court was within statutory limits and thus cannot be said to be cruel and unusual because of its duration unless it was so disproportionate to the offense committed as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances. State v. Brownridge, 353 S.W.2d

**32**

715, 718 (Mo.1962); see also State v. Agee, 474 S.W.2d 817 (Mo.1971). Here, defendant was given the minimum sentence for the offense for which he was convicted. Section 195.200, subd. 1(5). We hold that the moral sense of all reasonable men would not be shocked by a minimum sentence of ten years imposed upon one who sells cocaine, an extremely harmful substance.

▮ Finally, defendant contends that evidence received as a result of an unchecked informant should not be admitted —and that the officers, at the time of the sale had neither an arrest warrant, a search warrant nor probable cause for an arrest and therefore their purchase from defendant is inadmissible. On trial defendant neither objected to the introduction of the tin foil packet into evidence nor to the testimony surrounding the transaction on the grounds of an improper search. His only objection pertained to the chain of custody. Nowhere in defendant's brief are we referred to any section of the constitution of either the United States or Missouri in support of this contention. Coupled with this omission is the failure of defendant to include the reliability of the informant and probable cause arguments in his motion for a new trial. Accordingly, we cannot convict the trial court of error for failing to take action which was not requested. Consequently, we hold that defendant's present claim pertaining to the reliability of the informant, and the absence of an arrest warrant and search warrant, and lack of probable cause is disallowed for failure to properly preserve such matter for review. Rule 27.20(a). Moreover, while defendant does not allege that any of these assignments constitute "plain error" within Rule 27.20(c), we are not constrained to invoke the rule since we find neither a manifest injustice nor a miscarriage of justice.

Accordingly, judgment affirmed.

SMITH, P. J., CLEMENS and GUNN, JJ., concur.