**ALLRIGHT GRAND, INC., a Missouri corporation, et al., Plaintiffs-Appellants,**

v.

**KANSAS CITY, Missouri, a Missouri corporation, Defendant-Respondent,**
**and**
**Delbert E. Karmeier, Defendant,**

**Mutual Auto Parks, Inc., et al., Intervenors.**

**No. KCD 26775.**

Missouri Court of Appeals,
Kansas City District.

Oct. 7, 1974.

Motion for Rehearing and/or Transfer
Denied Nov. 4, 1974.

Application Denied Dec. 16, 1974.

——◆——

Koenigsdorf, Kaplan, Kraft, Fox & Kusnetzky, William J. Koenigsdorf, Kansas City, for appellant, Allright Grand, Inc.

Aaron A. Wilson, City Counselor, Rex G. Bostwick, Asst. City Counselor, Kansas City, for defendant-respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Plaintiff-appellant, hereinafter referred to as "Allright", sought relief by way of declaratory judgment and injunction concerning enforcement of a regulatory "parking station" ordinance (Second Committee Substitute for Ordinance 37740) adopted by defendant-respondent, hereinafter referred to as "City".

Three additional "parking station" operators were permitted to intervene as plaintiffs in the action brought by Allright.

The trial court entered judgment declaring the "parking station" ordinance "valid and constitutional" and denying injunctive relief. The intervenors acquiesced in the judgment entered by the trial court. Allright, however, filed a motion for a new

trial (which was overruled) and then took an appeal to the Supreme Court of Missouri. On May 22, 1973, the Supreme Court of Missouri transferred the case to this court by entry of the following order: "Now at this day the Court doth order, upon its own motion, that the above entitled cause be, and the same is hereby transferred to the Missouri Court of Appeals, Kansas City District, in which jurisdiction is vested."

On appeal Allright levels four charges of error, each of which is predicated on specific constitutional grounds, both federal and state. The City's initial response to the charges of error is that Allright failed to properly raise or preserve any constitutional grounds and therefore no justiciable issues are presented to this court on appeal.

The saturating response made by the City, which is inextricably related to Allright's appeal, requires only a perfunctory review of the pleadings, overall evidence, judgment, after-trial motion and rulings coursing through the litigation at the trial level of this court tried case. The resulting overview is controlled by well fixed principles of procedural law concerning the raising and preservation of constitutional issues for appellate determination in court tried cases.

■ In the landmark case of City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S. W.2d 372, 376 (Mo.banc 1949), procedural requirements, regarding the raising and preservation of constitutional issues in general, were collected and laid down as follows:

"It has long been the law that the question must be raised at the first available opportunity: Woodling v. Westport Hotel Operating Co., 331 Mo. 812, 819(2), 55 S.W.2d 477. The sections of the Constitution claimed to have been violated must be specified: Robinson v. Nick, 345 Mo. 305, 309(5); 134 S.W.2d 112, 115(11). *The point must be presented in*

*the motion for new trial, if any:* Red. School Dist. v. West Alton School Dist., Mo.Sup., Div. 2, 159 S.W.2d 676, 677(2). And it must be adequately covered in the briefs: McGuire v. Hutchison, 356 Mo. 203(4), 201 S.W.2d 322, 327(8)." (Emphases added.) .

Since 1949, almost without exception, cases involving the viability of constitutional issues for appellate determination have cited part or all of the procedural requirements collected and laid down in City of St. Louis v. Butler, supra.

Bearing the above in mind, a look at Allright's petition reveals that the "sections of the Constitution claimed to have been violated" were not "specified". Construed most favorably to Allright, its petition, at best, alleges nothing more than vague constitutional innuendos. In fact, no constitutional reference whatsoever is made until the prayer of the petition is reached and the following is found: "That Second Committee Substitute for Ordinance 37740 be declared contrary to the statutes and *constitutions of the State of Missouri and United States and therefore be deemed null and void."* (Emphases added.)

The three additional "parking station" operators, who were permitted to intervene as plaintiffs, properly pleaded specific constitutional violations, evidence was introduced and heard thereon, and the findings of fact and conclusions of law entered by the trial court met head on all constitutional issues properly raised in the case. As previously noted the intervenors acquiesced in the judgment entered by the trial court since they filed no after-trial motions and took no appeals. On the other hand, Allright filed a motion for a new trial, and, upon being overruled, took a lone appeal. Allright's motion for new trial has been scanned and rescanned, and one inevitable conclusion reached. Nowhere therein does Allright so much as hint, much less directly or specifically allege, that the judgment entered by the trial court was erroneous because the subject ordinance violated state and federal constitutional provisions. One of the procedural requirements collected and laid down in City of St. Louis v. Butler Co., supra, is that constitutional questions *"must be presented in the motoin for new trial, if any."* (Emphases added.)

■■■■ Assuming, arguendo, that Allright, prior to judgment at the trial level, raised the constitutional grounds now lodged on appeal, there is no escape from the fact that the presently alleged constitutional infirmities of the ordinance were not presented to the trial court for redetermination and reevaluation by Allright's motion for a new trial. This court is not unmindful of Rule 73.01(d), V.A.M.R. and cases thereunder holding that a motion for new trial is not a prerequisite for the crystallization of issues within the purview of 73.01(d) in court tried cases for the purpose of appellate review. Like many doctrinaire statements, its application is sometimes governed by special circumstances. For example, a special circumstance governing its application has been carved in court tried cases involving constitutional questions *wherein a motion for a new trial has been filed.* In court tried cases if constitutional questions are not raised and presented in a motion for a new trial, if filed, they are deemed waived for purposes of appellate review. State ex rel. Williamson v. County Court of Barry County, 363 S.W.2d 691 (Mo.1963); City of Olivette v. Graeler, 369 S.W.2d 85 (Mo. 1963); and Layson v. Jackson County, 365 Mo. 905, 290 S.W.2d 109 (1956). In State ex rel. Williamson v. County Court of Barry County, supra, appellants were asserting a constitutional issue on appeal as a basis for relief. At the trial level appellants had filed a motion for a new trial which made no mention whatsoever of any constitutional issue. In refusing to address the constitutional issue briefed by appellants on appeal the court ruled "[w]e should not purport to determine whether the trial court erred as to an issue not presented to it in the motion for a new trial, and as to which under the long established rules of proce-

dure the appellants abandoned in the trial court." In so ruling the court relied on the procedural requirements attending to constitutional issues laid down in City of St. Louis v. Butler Co., supra.

Time and experience have taught that adherence to procedural requirements and the proper administration of justice are concatenate. When the judicial process ignores procedural requirements legal chaos inevitably results, and if justice then emerges it is by chance rather than design. The law is nurtured by adherence to procedural requirements since doing so permits all levels of the judicial system to make a maximum contribution to the total judicial process. This is as it should be, and such is the girding philosophy underlying the procedural requirement that in court tried cases constitutional issues are deemed waived if not presented to the trial court in the event a motion for a new trial is filed, even though a motion for a new trial may not otherwise be required.

Any inclination at the appellate level to excuse adherence to this procedural requirement is overcome by the cold hard reality that to do so would eliminate the valuable input of the trial court in the overall judicial process, particularly with respect to basic and fundamental constitutional issues. Allright's plea that this court nevertheless pass on the constitutional issues presented in its brief is unconvincing when measured alongside the salutary purpose which the procedural requirement under consideration was obviously designed to serve. In support of its plea Allright cites Thomas v. Thomas, 288 S. W.2d 689 (Mo.App.1956) and Kelch v. Kelch, 450 S.W.2d 202 (Mo.1970) as standing for the proposition that where some constitutional provision is "directly or by inexorable implication" involved in a judgment decided against an appellant, such constitutional provision is inherently preserved for appellate review. It should be noted that the proposition just mentioned was characterized in both *Thomas* and *Kelch* as an "exception" and held inapplicable under the circumstances of both cases. A careful reading of both *Kelch* and *Thomas* discloses that *Kelch* cited *Thomas* as authority for the proposition and *Thomas* cited Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 113 S.W. 1108 (1908) as authority for the proposition. A careful reading of *Lohmeyer* reveals that the context of the proposition therein related to determination of appropriate appellate jurisdiction, e.g., the supreme court or court of appeals, and the enunciated proposition merely asserted the so-called "doctrine of inherency" for determining appellate jurisdiction which was expressly overruled by the supreme court of this state in City of St. Louis v. Butler Co., supra.

■ A more compelling reason exists to reject Allright's plea to nevertheless consider the constitutional issues raised in its brief on appeal. Allright's inefficacy in raising and preserving the constitutional issues now relied on was first evidenced at the pleading stage. After the trial court had given careful and mature consideration to the constitutional issues (raised by the pleadings of intervenors), as evidenced by its findings of fact, conclusions of law and judgment, Allright continued to display total indifference toward any constitutional issues and compounded its inefficacy by failing to make any mention of same, directly or by innuendo, in its motion for a new trial. Under the presently existing law of this state Allright thereby waived any constitutional issues and none were preserved for appellate review. The constitutional issues now lodged by Allright on appeal obviously obtruded prior to the time it filed its motion for a new trial. Therefore, this court is constrained to hold that no compelling reason appears to induce it to reject the proposition that Allright waived all purported constitutional issues.

■ As previously mentioned, Allright raises but four points on appeal, each of which is predicated on specific constitutional grounds. Since the purported constitutional issues were waived and thereby

not preserved for appellate review, nothing remains for this court's determination and affirmance of the judgment entered by the trial court is foregone. The duty of this court to review this court tried case de novo upon both the law and the evidence, as held in DeBow v. Higgins, 425 S.W.2d 135, 140 (Mo.1968), is "limited . . . to the specific matters urged on appeal" by Allright. See also: Schlanger v. Simon, 339 S.W.2d 825, 828 (Mo.1960); Dill v. Poindexter Tile Company, 451 S.W.2d 365, 371 (Mo.App.1970); and Yates v. White River Valley Electric Co-operative, 414. S. W.2d 808 (Mo.App.1967). All constitutional issues having faded from the appeal by virtue of Allright's waiver at the trial level, no other matters, specific or otherwise, remain for this court's determination.

Judgment affirmed.

All concur.