**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James E. BRYANT, Defendant-Appellant.**

**No. 10148.**

Missouri Court of Appeals,
Springfield District.

Sept. 13, 1977.

Motion for Rehearing or Transfer
Denied Sept. 27, 1977.

Application to Transfer Denied
Dec. 19, 1977.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John S. Pratt, Springfield, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Defendant James E. Bryant was convicted by a Greene County jury of the first degree murder of Clarence Lamb, liquor store employee, and sentenced to life imprisonment. We affirm.

The trial court was not required to give MAI–CR 1.08 [Instructions at Each Recess and Adjournment] after the prospective jurors had been selected, *but not sworn*, and permitted to return to their homes for the night and obtain necessary

personal articles for their sequestration. *State v. Underwood*, 530 S.W.2d 261 (Mo. App.1975). Nor, was it error to permit them to so separate. *State v. Williams,* 515 S.W.2d 463 (Mo.1974).

■ The court's failure on two occasions during the five-day trial to admonish the jury pursuant to Rule 20.02(a), V.A.M.R., by reading the second portion of MAI–CR 1.08, constituted error. We have read the three volumes of transcript, consisting of 1158 pages, and judicially determine the court's two omissions did not result in prejudicial error to the defendant. Rule 20.02(e), V.A. M.R.

■ Defendant put his general reputation for good character in issue and the trial court was required under Rule 26.02(6), V.A.M.R., to give MAI–CR 2.50. The discovery this instruction had not been given until the other instructions had been read and giving it last did not prejudice the defendant. Any error in the deviation of order of giving this instruction was harmless error. *State v. Billingsley*, 534 S.W.2d 484 (Mo.App.1975).

■ We have examined defendant's remaining eleven points in this appeal.[1] The evidence is sufficient to support the jury's verdict. No error of law appears. Detailed

discussion of the points would have no precedential value.

The judgment is affirmed pursuant to Rule 84.16(b), V.A.M.R.

All concur.

---

1. *Point 4*: Timely objection was not made to testimony and statements and defendant cross-examined on subject matter of testimony. *State v. Brown*, 527 S.W.2d 15 (Mo.App.1975) and *State v. Simmons*, 500 S.W.2d 325 (Mo. App.1973).

*Point 5*: Defendant invited answer of witness by question asked. *State v. Nenninger*, 354 Mo. 53, 188 S.W.2d 56 (1945).

*Point 6*: Scope of voir dire of jury panel within discretion of trial court. *State v. Yowell*, 513 S.W.2d 397 (Mo. banc 1974). No right to cause pledge or speculation by prospective jurors. *State v. Heickert*, 217 S.W.2d 561 (Mo.1949).

*Point 7*: No timely objection to alleged improper prosecutorial argument. *State v. Carter*, 478 S.W.2d 358 (Mo.1972).

*Point 8*: Interest of state's witness shown and his cross-examination on collateral and cumulative matters within trial court's discretion. *State v. Foster*, 338 S.W.2d 892 (Mo. 1960); *State v. Pigques*, 310 S.W.2d 942 (Mo. 1958).

*Point 9*: Weight of testimony and credibility of witnesses at confession suppression hearing

for trial court. *State v. Alewine*, 474 S.W.2d 848 (Mo.1971).

*Point 10*: Search warrant was based on probable cause and shotgun shell within plain view. *Spinelli v. U.S.*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *U.S. v. Pointer*, 348 F.Supp. 600 (W.D.Mo.1972).

*Point 11*: Cross-examination within trial court's discretion. No foundation for attempted impeachment concerning collateral matter. *State v. Ball*, 529 S.W.2d 901 (Mo.App.1975).

*Point 12*: Judge's remark, considered in context, out of hearing of jury, non-prejudicial. *State v. Phelps*, 478 S.W.2d 304 (Mo.1972).

*Point 13*: Cross-examination of defendant was proper impeachment of his direct testimony. *State v. Connell*, 523 S.W.2d 132 (Mo.App. 1975).

*Point 14*: Defendant's untimely objection sustained and his request jury disregard answer granted. No motion for mistrial. *State v. Harms*, 507 S.W.2d 29 (Mo.App.1974). Not in motion for new trial. *State v. Peterson*, 518 S.W.2d 1 (Mo.1974). No authorities cited. *State v. Schulten*, 529 S.W.2d 432 (Mo.App. 1975).