**Rafael ORTEGA, Jr., Respondent,**

v.

**Josephine ORTEGA, Appellant.**

**No. WD 36383.**

Missouri Court of Appeals,
Western District.

July 30, 1985.

Paul O. Liebengood, Blue Springs, for appellant.

Donald E. Raymond (argued), Al Lebrecht, Kansas City, for respondent.

Before NUGENT, P.J., and PRITCHARD and CLARK, JJ.

NUGENT, Presiding Judge.

In 1984, Rafael Ortega, Jr., filed an action for unlawful detainer in the associate circuit court against his alleged tenant. The court found in plaintiff's favor and set an appeal bond of $100 per month pursuant

to § 534.380.[1] Defendant Josephine Ortega, plaintiff's former wife, failed to file the bond, and the circuit court dismissed her application for trial de novo for lack of jurisdiction. Ms. Ortega complains of the dismissal. Appeal dismissed.

This case involves a house which the parties apparently began to occupy in 1953 while they were married. The parties were divorced in 1973, but the realty was not awarded to either party or divided in the decree. Ms. Ortega has occupied the house since the divorce; Mr. Ortega has not lived there since 1973. Mr. Ortega claims ownership of the property by way of a 1977 conveyance of the property to him by his father.

After the judgment in the associate circuit court, defendant filed a timely application for trial de novo but did not file the bond. She alleges in her brief that she tried to file the bond, but the associate circuit court records division "did not know how to accept the money."[2]

In the circuit court, the plaintiff filed a motion to dismiss defendant's application for trial de novo for failure to file the bond. Defendant filed suggestions in opposition to the motion in which she argued that § 534.380 is unconstitutional as a violation of equal protection.

On October 2, 1984, the circuit court dismissed defendant's application for want of jurisdiction. The court found that no bond had been filed, that the bond requirement is only unconstitutional where plaintiff is in possession of the premises, and that the filing of the bond is a prerequisite to the circuit court's acquiring jurisdiction of the case.

Defendant on the same day filed a motion in the circuit court to dismiss plaintiff's action. In that motion she did not raise her constitutional challenge. On October 9, 1984, defendant filed a motion to set aside the associate circuit court judgment as void, but again she did not raise her constitutional attack on the statute. On October 10, 1984, she filed her notice of appeal.

Defendant raises several points on appeal. To dispose of this appeal, however, we need only address her final point that § 534.380 is unconstitutional. Plaintiff argues that defendant did not preserve her constitutional challenge.

 The posting of the bond was a prerequisite of the circuit court's acquiring jurisdiction of the case. *Champlin Petroleum Co. v. Brashears*, 592 S.W.2d 545, 547 (Mo.App.1979). Where the trial court does not have jurisdiction to determine the merits, we likewise do not have jurisdiction to reach the merits and the appeal must be dismissed. *Hart v. Board of Adjustment of the City of Marshall*, 616 S.W.2d 111, 113 (Mo.App.1981).

 To preserve a constitutional challenge for review it must be presented at the earliest opportunity *and* preserved throughout the proceedings. *Christiansen v. Fulton State Hospital*, 536 S.W.2d 159, 160 (Mo.1976) (en banc). Defendant raised the issue for the first time in her suggestions in opposition to plaintiff's motion to dismiss her application for trial de novo. She did not raise the issue in her motion to dismiss or in her motion to set aside the circuit court judgment. Both of those motions attacked the associate circuit court's judgment as void. To dismiss plaintiff's action or to set aside the lower court's judgment, however, the circuit court had first to acquire jurisdiction. The only ground that defendant presented that could have given the circuit court jurisdiction was her constitutional attack. She did not include that issue in her motions, however,

**1.** All sectional references are to Revised Statutes of Missouri, 1978.

 Section 534.380 provides:
 Applications for trials de novo and appeals shall be allowed and conducted in the manner provided in chapter 512, RSMo, but no application for a trial de novo or appeal shall be allowed unless a bond which is sufficient to act as a supersedeas of the judgment is filed with the court within ten days after rendition of the judgment.

**2.** The record does not indicate that defendant took any action to compel the clerk to accept the tendered bond, nor does it show the form of that bond.

and, therefore, the issue was not preserved throughout the proceedings. *Id.; Cf. Allright Grand, Inc. v. Kansas City*, 515 S.W.2d 890, 892 (Mo.App.1974), where this court held that a constitutional issue is waived where a motion for new trial is filed and the challenge is not raised in the motion.

Defendant's other points allege that the circuit court erred in dismissing her application for trial de novo because the associate circuit judgment is void on various grounds. But the circuit court never acquired jurisdiction and, therefore, it could not set aside the lower court's judgment. We also do not have jurisdiction because our jurisdiction is derivative of the circuit court's. *Hart v. Board of Adjustment of the City of Marshall*, 616 S.W.2d at 113. The only ground that defendant presents that would allow the circuit court or this court to reach the merits has not been preserved.

For the foregoing reasons, we dismiss the appeal.

All concur.